# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRELL JUNIOR LESCALLETT,<br><br>        Plaintiff,<br><br>  v.<br><br>R. DIAZ, et al.,<br><br>        Defendants. | 1:13-cv-01342-LJO-BAM (PC)<br><br>SCREENING ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND (ECF No. 1)<br><br>THIRTY-DAY DEADLINE |

### I.   Screening Requirement and Standard

Plaintiff Darrell Junior Lescallett ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's complaint, filed on August 23, 2013, is currently before the Court for screening.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

1

1  conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937,
2  1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65
3  (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge
4  unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009)
5  (internal quotation marks and citation omitted).

6  Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings
7  liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338,
8  342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially
9  plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each
10 named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949
11 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir.
12 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere
13 consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at
14 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

### II. Plaintiff's Allegations

Plaintiff is currently housed at Kern Valley State Prison. The events alleged in the complaint occurred while Plaintiff was housed at Corcoran State Prison. Plaintiff names the following defendants: (1) R. Diaz, Warden, Corcoran State Prison; (2) CDW T. Perez; (3) Capt. R. Broomfield; (4) Lt. B. J. Weaver; (5) R. McMurrey; (6) John Doe; and (7) Jane Doe.

Plaintiff alleges as follows:

DISCOVERY AND DISTRICT COURT REVIEW OF IT'S [sic] OWN RECORDS IN LESCALLETT V. MCDONALD, ETAL, CIVIL NO. 2-11-CV-00061-KJM-CKD, WILL REVEAL PLAINTIFF PREVAILED IN A CIVIL RIGHTS VIOLATION CLAIM AGAINST THE CALIFORNIA DEPT OF CORR. INVOLVING A DUE PROCESS VIOLATION. IN THE INSTANT ACTION, PLAINTIFF CONTENDS THAT AS DIRECT RETALIATION OF HIS FIRST LAWSUIT, THE ABOVE DEFENDANTS HAVE CONSPIRED AND ACTED IN CONCERT AND PARTICIPATION WITH EACH OTHER TO AGAIN VIOLATE PLAINTIFF'S RIGHTS OF DUE PROCESS BY INCREASING PLAINTIFF'S SECURITY LEVEL AND TRANSPORTING PLAINTIFF UNLAWFULLY TO ANOTHER PRISON WHICH PLACES PLAINTIFF "IN IMMENENT [sic] DANGER OF SERIOUS PHYSICAL

HARM", THROUGH DIRECT USE OF FALSIFIED AND FABRICATED DUE PROCESS REPORTS. [¶] (SEE ATTACHED EXHIBITS)

(ECF No. 1, p. 3.)  There are no exhibits attached to Plaintiff's complaint.  If Plaintiff intends to incorporate exhibits into his complaint, they should be included with any amended complaint.

Plaintiff seeks compensatory damages, along with injunctive relief, including transfer to Mule Creek State Prison and clearance of his discipline record.

### III.  Deficiencies of Complaint

Plaintiff's complaint fails to satisfy the requirements of Federal Rule of Civil Procedure 8 and fails to state a cognizable claim against any of the defendants.  As discussed below, Plaintiff will be given leave to cure these deficiencies.  To assist Plaintiff, the Court provides the pleading and legal standards that appear applicable to his claims.  Plaintiff should amend only those claims that he believes, in good faith, state a cognizable claim.

**A.  Federal Rule of Civil Procedure 8**

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.; see also Twombly, 550 U.S. at 556–557; Moss, 572 F.3d at 969.

Although Plaintiff's complaint contains a short statement, it does not set forth sufficient factual matter to state a claim for relief that is plausible on its face.  Plaintiff's complaint is comprised of conclusory statements regarding a purported conspiracy and retaliation.  Plaintiff fails to set forth sufficient facts upon which he bases his claims against the individual defendants. If Plaintiff chooses to amend his complaint, Plaintiff must set forth what each defendant did or failed to do that led to the violation of his constitutional rights.

**B. Linkage Requirement**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611; Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Here, Plaintiff fails to link the defendants to any alleged constitutional violation. Rather, Plaintiff simply lumps all defendants together and does not identify the actions of defendants. Plaintiff will be given leave to cure this deficiency. If Plaintiff elects to amend his complaint, he must allege what each defendant did (or did not do) that resulted in a violation of his rights.

**C. Doe Defendants**

Plaintiff has asserted allegations against Does 1 through 5. "As a general rule, the use of 'John Doe' to identify a defendant is not favored." Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). Plaintiff is advised that John Doe or Jane Doe defendants (i.e., unknown defendants) cannot be served by the United States Marshal until Plaintiff has identified them as actual individuals and amended his complaint to substitute names for John Doe or Jane Doe.

**D. Supervisory Liability**

To the extent Plaintiff seeks to bring suit against Defendant Warden Diaz based on his role as supervisor, he may not do so. Supervisory personnel may not be held liable under section 1983 for the actions of subordinate employees based on respondeat superior or vicarious liability. Crowley v. Bannister, 734 F.3d 967, 977 (9th Cir. 2013); accord Lemire v. California Dep't of

Corr. and Rehab., 726 F.3d 1062, 1074–75 (9th Cir. 2013); Moss, 711 F.3d at 967–68; Lacey v. Maricopa County, 693 F.3d 896, 915–16 (9th Cir. 2012) (en banc). "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Crowley, 734 F.3d at 977 (citing Snow, 681 F.3d at 989) (internal quotation marks omitted); accord Lemire, 726 F.3d at 1074–75; Lacey, 693 F.3d at 915–16. "Under the latter theory, supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation." Crowley, 734 F.3d at 977 (citing Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)) (internal quotation marks omitted).

Plaintiff has not alleged that Defendant Warden Diaz was involved in the constitutional deprivation or that Warden Diaz instituted a deficient policy that was the moving force of any constitutional violation. Plaintiff will be given leave to cure this deficiency.

**E.  Retaliation**

Within the prison context, a viable claim of First Amendment retaliation consists of five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir.2005); accord Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir.2012); Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir.2009).

A plaintiff suing for retaliation under section 1983 must allege that "he was retaliated against for exercising his constitutional rights and that the retaliatory action does not advance legitimate penological goals, such as preserving institutional order and discipline." Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir.1994). The plaintiff does not need to show actual inhibited or suppressed speech, but that there was a chilling effect upon his speech. Rhodes, 408 F.3d at 569.

The burden is on the plaintiff to plead and prove the absence of any legitimate correctional goals for the alleged conduct. Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir.1995).

It appears that Plaintiff may be able to state a retaliation claim. However, Plaintiff has failed to link any specific defendant to the allegations of retaliation. As discussed above, Plaintiff must link each individual defendant to an alleged constitutional violation. Plaintiff will be given leave to cure this deficiency.

### F. Injunctive Relief

Plaintiff seeks injunctive relief related to defendants at Corcoran State Prison. However, Plaintiff is no longer incarcerated at Corcoran State Prison and has been transferred to Kern Valley State Prison. As a result, his claim for injunctive relief against any defendants at Corcoran State Prison is moot. See Holt v. Stockman, 2012 WL 259938, *6 (E.D. Cal. Jan.25, 2012) (a prisoner's claim for injunctive relief is rendered moot when he is transferred from the institution whose employees he seeks to enjoin from harming him); see also Andrews v. Cervantes, 493 F.3d 1047, 1053 n. 5 (9th Cir. 2007).

### IV. Conclusion and Order

Plaintiff's complaint fails to comply with Rule 8 and fails to state a cognizable claim against any defendant. The Court will grant Plaintiff an opportunity to cure the identified deficiencies. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

1    Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. 2 Lacey, 693 F.3d at 927.  Therefore, Plaintiff's amended complaint must be "complete in itself 3 without reference to the prior or superseded pleading."  Local Rule 220.

4    Based on the foregoing, it is HEREBY ORDERED that:

5    1.    The Clerk's Office shall send Plaintiff a complaint form;

6    2.    Plaintiff's complaint is dismissed with leave to amend;

7    3.    Within thirty (30) days from the date of service of this order, Plaintiff shall file a 8 first amended complaint; and

9    4.    <u>If Plaintiff fails to file a first amended complaint in compliance with this order, 10 this action will be dismissed for failure to obey a court order</u>.

12 IT IS SO ORDERED.

13
Dated:   **June 16, 2014**                            /s/ *Barbara A. McAuliffe*
                                                    UNITED STATES MAGISTRATE JUDGE