1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

9  DARRELL JUNIOR LESCALLETT,    )  1:13-cv-01342-LJO-BAM (PC)
    )
10        Plaintiff,    )  ORDER DENYING PLAINTIFF'S SECOND
    )  MOTION REQUESTING THE
11    v.    )  APPOINTMENT OF COUNSEL, WITHOUT
    )  PREJUDICE
12  R. DIAZ, et al.,    )
    )  (ECF No. 43)
13        Defendants.    )
    )
14                )

15

16       Plaintiff Darrell Junior Lescallett ("Plaintiff") is a state prisoner proceeding in forma

17  pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action currently proceeds

18  on Plaintiff's claims for retaliation in violation of the First Amendment against Defendants

19  Gipson, Broomfield and Doe Defendants.

20       Currently before the Court is Plaintiff's second motion for the appointment of counsel,

21  filed on September 26, 2017. (ECF No. 43.)[1] Plaintiff states that he is unable to afford counsel,

22  that his imprisonment limits his ability to litigate, that the issues in his matter are complex, and

23  he has limited law library access and limited knowledge of the law. Plaintiff further states that a

24  trial in this matter will likely involve conflicting testimony, and counsel would better enable

25  Plaintiff to present evidence and cross-examine witnesses.

26  ///

27

28

---

[1] The substance of Plaintiff's first motion to appoint counsel was not addressed by the Court, because that motion was not signed by Plaintiff. (ECF No. 42.)

1  Plaintiff does not have a constitutional right to appointed counsel in this civil action,

2  Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney

3  to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court

4  for the Southern District of Iowa, 490 U.S. 296, 298, 109 S. Ct. 1814, 1816 (1989). However, in

5  certain exceptional circumstances the Court may request the voluntary assistance of counsel

6  pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525. Without a reasonable method of securing

7  and compensating counsel, the Court will seek volunteer counsel only in the most serious and

8  exceptional cases. In determining whether "exceptional circumstances exist, the district court

9  must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to

10  articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal

11  quotation marks and citations omitted).

12  In the present case, the Court does not find the required exceptional circumstances. Even

13  if it is assumed that Plaintiff is not well versed in the law and that he has made serious

14  allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is

15  faced with similar cases almost daily. Further, at this early stage in the proceedings, the Court

16  cannot find any likelihood of success on the merits. Also, based on a review of the record in this

17  case, the court does not find that Plaintiff cannot adequately articulate his claims. His pleadings,

18  motions, and other filings are comprehensible. Thus, the Court does not find this to be a serious

19  and exceptional case necessitating the appointment of counsel at this time.

20  Accordingly, it is HEREBY ORDERED that Plaintiff's motion for the appointment of

21  counsel (ECF No. 29) is DENIED, without prejudice.

22

23  IT IS SO ORDERED.

24  Dated:  __September 29, 2016__          ___/s/ Barbara A. McAuliffe___

25  UNITED STATES MAGISTRATE JUDGE

26

27

28