UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRELL JUNIOR LESCALLETT,<br><br>        Plaintiff,<br><br>    v.<br><br>R. DIAZ, et al.,<br><br>        Defendants. | Case No. 1:13-cv-01342-LJO-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S REQUEST TO SUPPLEMENT THE COMPLAINT<br><br>(ECF No. 37) |

### I.     Introduction

Plaintiff Darrell Junior Lescallett ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action under 42 U.S.C. § 1983. This action currently proceeds on Plaintiff's claim for retaliation in violation of the First Amendment against defendants Gipson, Broomfield and Doe Defendants ("Defendants"). Plaintiff alleges, while incarcerated at Corcoran State Prison, Defendants retaliated against him because Plaintiff had settled a lawsuit with the California Department of Corrections ("CDCR"). In retaliation for settling that lawsuit, Defendants allegedly identified Plaintiff as a 2-5 gang affiliate and placed him on modified program.

Currently before the Court is Plaintiff's request to supplement the complaint under Federal Rule of Civil Procedure 15(d), filed on August 18, 2016. (ECF No. 37.) Defendants filed their opposition on August 25, 2016. (ECF No. 38.) Plaintiff did not file a reply. The motion is deemed submitted. Local Rule 230(l).

**II.       Second Amended Complaint and Proposed Supplemental Complaint**

    1.   Second Amended Complaint

Plaintiff's second amended complaint ("SAC"), filed on November 24, 2014, alleges retaliation by Defendants Broomfield, Gipson and Doe Defendants. Plaintiff alleges that on March 20, 2012, he settled a lawsuit with the CDCR, in which he had sued the CDCR for falsely labeling him a 2-5 gang affiliate and segregating him while he was incarcerated at High Desert State Prison. Plaintiff alleges that upon learning of the settlement, Defendants Broomfield, Gipson and Doe Defendants retaliated by labeling him a 2-5 gang affiliate and placing him on modified program on or about June 26, 2012. Plaintiff alleges that Defendants Broomfield, Gipson and Doe Defendants knew documentation indicating a 2-5 gang affiliation did not exist and that Plaintiff had just settled the lawsuit proving he had no such affiliation. (ECF No. 11.)

    2.   Proposed Supplemental Complaint

Plaintiff now seeks to supplement the SAC with events which occurred after the date the SAC was filed. Plaintiff seeks to bring new claims for: (1) retaliation, (2) Due Process, and (3) Equal Protection, for events occurring at California Correctional Institution in Tehachapi ("CCI") in June of 2016, where Plaintiff is currently incarcerated. Plaintiff also seeks to add new defendants who are employed at CCI: Captain Yete, Lieutenant Hart, Sergeant Parrish, and Doe Defendants (collectively, "CCI Employees"). (ECF No. 37.)

A new claim in the proposed supplemental complaint ("Supplemental Complaint") is for violation of Due Process.  Plaintiff alleges that on June 10, 2016, he was again mislabeled a 2-5 gang affiliate and placed on modified program. Plaintiff alleges that the CCI Employees were responsible for the implementation of the modified program. Plaintiff further alleges he was deprived of property and legal material, which have yet to be returned. (*Id.*)

In the second claim for violation of Equal Protection, Plaintiff alleges that the CCI Employees placed him on modified program and discriminated against him by treating him differently from other similarly situated inmates, without cause or following procedures. (*Id.*)

///

///

3. <u>Motion to Supplement the Complaint</u>

Plaintiff moves for permission to supplement the SAC.  Plaintiff argues that the Court should permit the supplement because the events arose after the filing of the SAC. Plaintiff argues that his placement on modified program as a suspected 2-5 gang affiliate following his transfer to CCI was due to the same incorrect documentation that Corcoran State Prison used to place him on modified program and which gave rise to the current retaliation claim. Plaintiff further argues that, since the underlying events to this action have occurred, Plaintiff has been harassed, retaliated against, and placed on modified program twice at two separate prisons.

Defendants oppose the motion, arguing that the Supplemental Complaint concerns unrelated events, claims, and parties. The Supplemental Complaint is unrelated to the current retaliation claim because the new claims are against officials at Plaintiff's new prison, CCI. The Supplemental Complaint also alleges claims against CDCR. (ECF No. 38.)  Defendants further argue that they would be prejudiced by the Supplemental Complaint.  Plaintiff has filed three versions of his complaint, and deadlines for discovery, dispositive motions, and amending the pleadings have already expired.  Defendants note a dispositive motion is pending. As a final point, Defendants argue the Supplemental Complaint would hinder judicial efficiency.  The proposed claims are unrelated to Defendants Gipson, Broomfield and Doe Defendants and would bring in new defendants from a different prison and would add new, unrelated claims.[1] In sum, Defendants contend the proposed claims could be the subject of a separate lawsuit.

**III.    Legal Standard**

A court "may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). Although leave to permit supplemental pleading is generally favored, the supplemental pleading cannot be used to introduce a "separate, distinct and new cause of action." *Planned Parenthood of S. Ariz. v. Neely*, 130 F.3d 400, 402 (9th Cir. 1997)

---

[1] Defendants also argue the CCI Employees would be entitled to challenge Plaintiff's allegation of exhausting administrative remedies. Defendants contend discovery would have to be reopened and the scheduling order modified to accommodate this affirmative defense.

3

(internal quotation marks and citations omitted); *see also San Luis & Delta–Mendota Water Authority v. U.S. Dept. of Interior*, 236 F.R.D. 491, 497 (E.D. Cal. 2006) (setting forth nine factors for determining whether to permit supplemental pleadings, including the relatedness of the original and supplemental complaints). "Rule 15(d) is intended to give district courts broad discretion in allowing supplemental pleadings." *Keith v. Volpe*, 858 F.3d 467, 473 (9th Cir. 1988) (citing Fed. R. Civ. P. 15(d), advisory committees note).

### IV. Analysis

The Supplemental Complaint alleges claims which are separate and distinct from the retaliation claim in the SAC. The SAC involves retaliation by employees at Corcoran State Prison based on Plaintiff's settlement of a lawsuit with the CDCR. The Supplemental Complaint, however, involves new and different claims of Due Process and Equal Protection based on labeling Plaintiff a 2-5 gang affiliate and placing him on modified program at CCI. The claims of Due Process and Equal Protection previously have been dismissed from this action. Therefore, the Supplemental Complaint seeks to add claims which are separate and distinct from the current retaliation claim.

The Supplemental Complaint also would add defendants who are new and different from the defendants in the SAC. The new defendants are employees of CCI, while the current Defendants, Gipson, Broomfield and Doe Defendants, were employed at Corcoran State Prison. Plaintiff is seeking to add defendants from a new institution. *See San Luis*, 236 F.R.D. at 497; *see also George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("[M]ultiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.") Therefore, the CCI Employees are new and different from the current defendants in the SAC.

In addition, the Supplemental Complaint would add events which occurred at a different correctional institution, and which occurred years apart. The events alleged in the Supplemental Complaint occurred four years after the events alleged in the SAC. The events complained of in the Supplemental Complaint occurred at CCI, while the events complained of in the SAC occurred at Corcoran State Prison. *Cf. San Luis*, 236 F.R.D. at 501 (proposed supplemental

complaint should not be granted when it is not a "discrete and logical extension of the original claims").

Moreover, adding new and unrelated claims and defendants at this stage of the litigation would not promote judicial efficiency. *See Singh v. Washburn*, 2016 WL 1039705, at *10 (D. Ore. Feb. 5, 2016) (finding that judicial efficiency would not be served by allowing plaintiff to add new factually unrelated defendants and new claims that would significantly expand the scope of the case at that stage of the litigation). The Supplemental Complaint would exponentially expand the scope of the case to involve disparate issues of law and fact and new defendants. Plaintiff had already filed three complaints in this action, and the Court previously dismissed Plaintiff's Due Process, Equal Protection and other retaliation claims. Discovery has closed and dispositive motions are pending. Permitting the Supplemental Complaint would require reopening discovery and modifying other scheduling dates.[2] Therefore, granting Plaintiff's request to supplement the complaint would not promote judicial efficiency.

**V.    Conclusion**

Accordingly, the Court HEREBY DENIES Plaintiff's request to supplement the complaint.

IT IS SO ORDERED.

Dated:   **February 24, 2017**         /s/ Barbara A. McAuliffe         
                                   UNITED STATES MAGISTRATE JUDGE

---

[2] Plaintiff argues the supplement should be permitted because both institutions, CCI and Corcoran, relied upon the same erroneous documentation to place Plaintiff on modified program. This argument is not persuasive. The claims and defendants in the Supplemental Complaint, as well as judicial economy, are the key factors to determine whether a supplement should be permitted.