# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRELL JUNIOR LESCALLETT,<br><br>Plaintiff,<br><br>v.<br><br>R. DIAZ, et al.,<br><br>Defendants. | Case No. 1:13-cv-01342-LJO-BAM (PC)<br><br>**FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF DOE DEFENDANTS AND DISMISSAL OF ACTION**<br><br>(ECF No. 48)<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Darrell Junior Lescallett ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's second amended complaint for claims of retaliation against Doe Defendants regarding Plaintiff's identification as a 2-5 gang affiliate and placement on a modified program.[1] (ECF No. 15.)

**I.   Background**

On June 29, 2015, the Court issued an order finding service of Plaintiff's second amended complaint appropriate, and requiring Plaintiff within one-hundred twenty (120) days to provide written notice identifying Doe Defendants with enough information to locate the defendants for

---

[1] Defendants Gipson and Broomfield were granted summary judgment on March 31, 2017. (ECF No. 47.) All other claims and defendants were dismissed from this action on July 21, 2015. (ECF No. 18.)

1

service of process. (ECF No. 15.) Plaintiff failed to provide written notice to the Court identifying Doe Defendants within the specified time limit.

On April 5, 2017, the Court issued an order to show cause why the remaining Doe Defendants should not be dismissed and this action closed. (ECF No. 48.) Plaintiff filed a response to the Court's order to show cause on April 24, 2017. (ECF No. 49.)

Plaintiff asserts that he has made every effort to name the Doe Defendants, but he has been unable to do so because his property will come up missing, his mail will be lost, or he is taken to administrative segregation in order to discourage him from litigating or to cause him to miss deadlines. Plaintiff states that he has been able to obtain the names of some of the Doe Defendants employed by the California Department of Corrections and Rehabilitation and working at Corcoran State Prison, and that he includes exhibits demonstrating the barriers he has faced preventing the identification of the Doe Defendants. Plaintiff requests that the Court provide the proper forms to serve Doe Defendants, and facilitate service of process by the United States Marshal. (ECF No. 49.)

**II.     Legal Standard**

Pursuant to Federal Rule of Civil Procedure 4(m):

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

In cases involving a plaintiff proceeding in forma pauperis, a United States Marshal, upon order of the court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(3). "[A] prisoner 'is entitled to rely on the U.S. Marshal for service' . . . as long as he or she 'provide[s] the necessary information to help effectuate service.'" Schrubb v. Lopez, 617 Fed. Appx. 832, 832 (9th Cir. 2015) (quoting Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995)). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is

'automatically good cause . . . .'" Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting Sellers v. United States, 902 F.2d 598, 603 (7th Cir. 1990)), overruled on other grounds by Sandin, 515 U.S. at 483–84. However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's sua sponte dismissal of the unserved defendants is appropriate. Walker, 14 F.3d at 1421–22.

### III. Discussion

Exhibit A to Plaintiff's response to the Court's order to show cause is a list entitled "Doe Defendants," including eight (8) individuals: Correctional Officer R. Meraz, Correctional Officer D. Uribe, Correctional officer R. L. McMurrey, Lieutenant B. J. Weaver, Lieutenant R. Juarez, Captain R. Whitfield, Correctional Officer J. Vargas, and Lieutenant J. Prudhel. (ECF No. 49, pp. 5–6.) Of these individuals, four—Officer McMurrey, Lieutenant Weaver, Lieutenant Juarez, and Lieutenant Prudhel—are named defendants who were dismissed from this action. (ECF Nos. 11, 18.) The remaining four—Officer Meraz, Officer Uribe, Captain Whitfield, and Officer Vargas—are individuals who were named and identified in the second amended complaint. (ECF No. 11.)

Exhibit B is a partial copy of the Court's June 2, 2015 screening order, (ECF No. 12), with handwritten annotations. (ECF No. 49, pp. 8–18.) Plaintiff has circled the names of defendants and other individuals named in the complaint. However, Plaintiff does not provide any explanation detailing the efforts he has taken to obtain the identities of the Doe Defendants, or what barriers he faced that prevented him from obtaining their identities.

Plaintiff has already had the opportunity to assert claims against all individuals originally named as defendants or identified in his complaint, and has failed to state cognizable claims against them. Plaintiff may not now name the same individuals as Doe Defendants in order to sustain this action.

### IV. Conclusion and Recommendation

Plaintiff has failed to provide sufficient information to identify the Doe Defendants so the United States Marshal may serve the summons and complaint. In addition, Plaintiff has failed to set forth good cause for his failure to identify the Doe Defendants. Accordingly, the Court

3

HEREBY RECOMMENDS that all Doe Defendants be dismissed and this action closed, without prejudice, pursuant to Federal Rule of Civil Procedure 4(m).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **May 1, 2017**         /s/ Barbara A. McAuliffe
                                UNITED STATES MAGISTRATE JUDGE